UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────┐
│ USDC-SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC#:                                │
│ DATE FILED: 8/10/2020                │
└─────────────────────────────────────┘
```

UNITED STATES OF AMERICA,

v.

JORGE PARRA,

Defendant.

No. 13-cr-784 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

On July 16, 2020, Defendant Jorge Parra filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), seeking compassionate release in light of COVID-19. *See* Dkt. 45. The Government opposes the request. *See* Dkt. 47. For the reasons that follow, Mr. Parra's motion is denied.

## BACKGROUND

In October 2014, Mr. Parra pled guilty, pursuant to a cooperation agreement, to four counts of conspiracy to distribute and possess narcotics. *See* Dkt. 26. In November 2014, Mr. Parra was sentenced—in light of his cooperation—to time served, which amounted to approximately 18 months' imprisonment, as well as eight years of supervised release. *See* Dkt. 27 ("Sentencing Tr.") at 9, 12. At sentencing, the Court noted that Mr. Parra had "an extensive criminal history" that included, among other things, "the most serious charge, which was [a] sexual assault or [] rape charge," Sentencing Tr. at 8-9, but nonetheless explained that his "sentence ha[d] been reduced because of [his] cooperation" with the Government, *id.* at 13.

Mr. Parra remained detained throughout his cooperation, and was released from custody following the November 2014 sentencing. *See* Gov't Opp'n at 2. On approximately June 8, 2018,

however, Mr. Parra was arrested on a warrant issued pursuant to allegations that he violated the terms of his supervised release ("VOSR").  *See* Dkt. 33.  Mr. Parra subsequently pled guilty to violating his supervised release conditions, specifically by committing another sexual assault— Sexual Abuse in the First Degree—and testing positive for cocaine.  *See* Dkts. 37, 39.  On December 17, 2018, he was sentenced for these violations to a total of 60 months' imprisonment to run concurrent with the sentence to be imposed by the state court.  *See* Gov't Opp'n Ex. A ("VOSR Tr."), Dkt. 47-1, at 6.  During that proceeding, the Court expressed that it was "deeply troubled by [Mr. Parra's] conduct," particularly because of the "danger that [he] present[ed] to the community," as it was Mr. Parra's "second sex offense" and he "clearly [had] no respect" not only "for the law," but also "for a woman's right to decide what happens to her body."  *See* VOSR Tr. at 5-6.

Mr. Parra is currently housed at FCI Schuylkill, *see* Def. Mot. at 1, and his scheduled release date is July 20, 2022, *see id.*; Gov't Opp'n at 4.

Mr. Parra, a 49-year-old man, maintains that he several serious health conditions, including obesity, sleep apnea, and "other medical problems that have left him in generally poor health." *See* Def. Mot. at 1, 3-5.  He also contends that, although not reflected in his BOP records, he has been "afflicted with asthma since he was a child."  *See id.* at 3.  In his motion, Mr. Parra asserts that his medical conditions "plac[e] him at especially high risk for contracting COVID-19 and experiencing severe consequences if affected."  *See id.*

In March or April 2020, Mr. Parra submitted a request for compassionate release to the Warden at FCI Schuylkill.[1]  *See* Def. Mot. at 2.  The BOP denied that request on April 23, 2020,

---

[1] Mr. Parra asserts that he filed this internal request in "March of this year," *see* Def. Mot. at 2, while, according to the Government, BOP documents reflect that he made this request on April 12, 2020, *see* Gov't Opp'n at 2 n.1.

*see* Gov't Opp'n at 2 n.1, and Mr. Parra was notified of its denial on May 28, 2020, *see* Def. Mot. at 2.  Mr. Parra subsequently filed administrative appeals, which were also denied.  *See id.*

On June 29, 2020, the Court received a letter from Mr. Parra, dated June 4, 2020, which it construed as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as well as a request that the Federal Defenders of New York be appointed to represent him in connection with the motion.  *See* Dkt. 41.  The Federal Defenders agreed to represent Mr. Parra and, on July 16, 2020, filed a supplemental letter motion, requesting that the Court reduce Mr. Parra's sentence to "time served with a period of home detention."  *See* Dkt. 45.  On July 22, 2020, the Government filed its opposition.  *See* Dkt. 47

## DISCUSSION

It is well established that "[a] court may not modify a term of imprisonment once it has been imposed except pursuant to statute."  *United States v. Gotti*, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020).  Under 18 U.S.C. § 3582(c)(1)(A), however, a court may reduce a term of imprisonment—including by "impos[ing] a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment"—where (1) "extraordinary and compelling reasons" exist to "warrant such a reduction," (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the reduction is supported by the factors set forth in 18 U.S.C. § 3553(a), to the extent such factors apply.  *See* 18 U.S.C. § 3582(c)(1)(A).  A court may do so "upon motion of the defendant" either "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  *See* 18 U.S.C. § 3582(c)(1)(A).

Mr. Parra filed an internal request for compassionate release with the BOP, which was denied on April 23, 2020. *See* Gov't Opp'n at 2 n.1. He was notified of that denial on May 28, 2020. *See* Def. Mot. at 2. It is thus undisputed that Mr. Parra has exhausted his administrative remedies pursuant to 18 U.S.C. § 3582(c)(1)(A), *see* Gov't Opp'n at 2 n.1, and this Court therefore has jurisdiction to hear his motion.

Turning to the merits of Mr. Parra's motion, the Court cannot conclude that compassionate release is warranted. To award Mr. Parra the relief he seeks, the Court must find that "extraordinary and compelling reasons warrant" compassionate release, consider the factors set forth in 18 U.S.C. § 3553(a), and ensure that release is consistent with the Sentencing Commission's policy statements. *See* 18 U.S.C. § 3582(c)(1)(A)(i). While the statute does not define "extraordinary and compelling reasons," "Congress tasked the Sentencing Commission with identifying the circumstances that are sufficiently extraordinary and compelling to justify a reduction in sentence." *United States v. Butler*, No. 19-cr-834-10 (PAE), 2020 WL 1689778, at *1 (S.D.N.Y. Apr. 7, 2020). The relevant policy statement provides four general circumstances that constitute "extraordinary and compelling reasons": the "medical condition of the defendant," "age of the defendant," "family circumstances," and "other reasons." U.S.S.G. § 1B1.13 cmt. n.1. As pertinent here, the policy statement provides that a "medical condition" warranting release includes, among other things, one where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A). The defendant must also show, however, that he is "not a danger to the safety of any other person or to the community[.]" U.S.S.G. § 1B1.13(2). Ultimately, it is the defendant's "burden to show he is entitled to a sentence reduction." *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

4

As noted above, Mr. Parra is 49 years old and maintains that he suffers from several health conditions, including obesity, sleep apnea, "other medical problems that have left him in generally poor health," and—although not reflected in his BOP records—asthma.  *See* Def. Mot. at 1, 3-5. Courts in this district have repeatedly held that medical conditions such as obesity, sleep apnea, and asthma may establish an "extraordinary and compelling reason" warranting release.  *See, e.g.*, *United States v. Gonzalez*, No. 05-CR-1292 (JMF), 2020 WL 2766048, at *1 (S.D.N.Y. May 28, 2020) (granting compassionate release motion where defendant suffered from "chronic hypertension and obesity"); *United States v. Scparta*, No. 18-CR-578 (AJN), 2020 WL 1910481, at *9 (S.D.N.Y. Apr. 20, 2020) (granting compassionate release motion where defendant suffered from "hypertension, sleep apnea, high blood pressure, and high cholesterol"); *United States v. Hernandez*, No. 18 CR. 834-04 (PAE), 2020 WL 1684062, at *3-4 (S.D.N.Y. Apr. 2, 2020) (granting compassionate release motion where defendant suffered from asthma).  Indeed, the Government does not dispute that, for purposes of this motion, Mr. Parra's "alleged health conditions present 'extraordinary and compelling reasons' warranting a sentencing reduction under Section 3582(c)."  *See* Gov't Opp'n at 1.  Instead, the Government opposes Mr. Parra's motion primarily on the grounds that the Section 3553(a) factors weigh "heavily" against granting his request.  *See id.*  The Court agrees.

Pursuant to § 3553(a), a court must consider the following factors in imposing sentence: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed" to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence to criminal conduct," "protect the public from further crimes of the defendant," and "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the more effective manner"; (3) "the kinds of sentences available"; (4)

"the kinds of sentence and the sentencing range established" for the applicable offense category as set forth in the guidelines; (5) "any pertinent policy statement . . . by the Sentencing Commission"; (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (7) "the need to provide restitution to any victims of the offense."  18 U.S.C. § 3553(a).  "Application of the § 3553(a) factors requires an assessment of whether the relevant factors outweigh the 'extraordinary and compelling reasons' warranting compassionate release and whether compassionate release would undermine the goals of the original sentence."  *United States v. Daugerdas*, No. 09-CR-581, 2020 WL 2097653, at *4 (S.D.N.Y. May 1, 2020) (alterations, internal quotation marks, and citation omitted).

Here, the § 3553(a) factors weigh against granting Mr. Parra's motion.  Most importantly, the Court cannot conclude that Mr. Parra is "not a danger to the safety of any other person or to the community[.]"  U.S.S.G. § 1B1.13(2).  As this Court expressly found at the VOSR sentencing, Mr. Parra presents a "danger . . . to the community," as he has now committed two sex offenses and "shown a clear disrespect not only for the law but for a woman's right to decide what happens to her body."  *See* VOSR Tr. at 5-6.  Even putting aside his violations of supervised release, the Court had previously expressed its concern about Mr. Parra's "extensive criminal history."  *See* Sentencing Tr. at 8-9.  The Court is unpersuaded by Mr. Parra's assertions that his "performance while incarcerated demonstrates a commitment towards leading a good life upon release" and that "[e]verything about the way he has conducted himself [while incarcerated] indicates that he will not commit further crimes" if released early.  *See* Def. Mot. at 7-8.  To the contrary, and as noted at the VOSR sentencing, Mr. Parra had received a "light sentence" for his underlying conduct in light of his cooperation.  *See* VOSR Tr. at 5.  He nonetheless committed serious violations of his terms of supervised release, which necessitated an equally serious sentence.  A reduction in that sentence would not "reflect the seriousness of [his] offense[s]," "promote respect for the law,"

"afford adequate deterrence to criminal conduct," or "protect the public from further crimes."  *See* 18 U.S.C. § 3553(a).  Put differently, a grant of compassionate release would be inconsistent with the Sentencing Commission's applicable policy statements.  Although the Court is sympathetic to his medical conditions and the heightened risk of harm that the virus might pose if he were to contract it, the relevant § 3553(a) factors "outweigh [any] 'extraordinary and compelling reasons' warranting compassionate release," and an early release "would undermine the goals of [Mr. Parra's] sentence."  *Ebbers*, 432 F. Supp. 3d at 430-31.  Accordingly, Mr. Parra's motion for compassionate release is denied.

## CONCLUSION

For the foregoing reasons, Mr. Parra's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is denied.  The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 45.  Mr. Parra's counsel shall mail a copy of this Order to him.

SO ORDERED.

Dated:     August 10, 2020
           New York, New York

_____
Ronnie Abrams
United States District Judge