UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | No. 13-CR-784 (RA) |
| JORGE PARRA, | ORDER |
| Defendant. | |

RONNIE ABRAMS, United States District Judge:

On August 10, 2020, the Court denied a motion made by Mr. Parra seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). *See* Dkt. 48. The Court found principally that the Section 3553(a) sentencing factors weighed against granting the motion, in consideration of Mr. Parra's two sex offenses, his "extensive criminal history," and the Court's view that Mr. Parra presented a danger to the community. *Id*. at 6. On January 27, 2021, the Court received a letter from Mr. Parra describing the conditions where he is incarcerated at FCI Schuykill and informing the Court that he had tested positive for the coronavirus in December 2020. *See* Dkt. 49 at 3. Mr. Parra seeks the appointment of counsel to file a renewed motion for compassionate release, or in the alternative an immediate release to home confinement. *Id*. at 5. The Court directed the Government to speak with the Bureau of Prisons regarding the conditions described by Mr. Parra. The Government provided BOP with Mr. Parra's letter, and reported back that, according to Mr. Parra's medical records, he appears to have recovered from COVID-19. *See* Dkt. 50.

The relief sought by Mr. Parra is denied. To the extent that his most recent letter constitutes a motion for reconsideration of the Court's August 2020 decision denying his motion for compassionate release, it fails in that it provides no information or legal authority that the

Court previously overlooked or that would alter the Court's initial decision. *See United States v. Posner*, No. 18-CR-631 (KMW), 2020 WL 7022500, at *2 (S.D.N.Y. Nov. 30, 2020) (denying motion to reconsider the court's denial of an earlier motion for compassionate release when "[n]othing in Defendant's present motion changes the Court's previous determination that the sentencing factors set forth in § 3553(a) . . . militate against granting release"). Mr. Parra's letter emphasizes, quite understandably, the difficult circumstances of his incarceration and his experience with COVID-19. But the Court's August 2020 decision was justified entirely on the basis of the Section 3553(a) factors. Indeed, the Government did not dispute that extraordinary and compelling reasons might support Mr. Parra's release if it were otherwise warranted. *See* Dkt. 47 at 1. Because Mr. Parra's letter does not provide any basis for the Court to reconsider its analysis of the Section 3553(a) factors, his request for the appointment of counsel to submit a renewed motion, or in the alternative for release to home confinement, is denied.

      The Clerk of Court is respectfully directed to mail a copy of this order to Mr. Parra. Moreover, because Mr. Parra states that he has not received a copy of the Court's previous decision, the Clerk of Court is further directed to include a copy of that decision (Dkt. 48) in its mailing to Mr. Parra.

SO ORDERED.

Dated:   February 16, 2021
            New York, New York

_____
Ronnie Abrams
United States District Judge