UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JORGE PARRA,<br><br>Defendant. | No. 13-CR-784 (RA)<br><br>ORDER |

RONNIE ABRAMS, United States District Judge:

On June 25, 2021, the Court received a letter from Mr. Parra concerning a prison safety and discipline matter at FCI Schuylkill, where Mr. Parra is incarcerated. *See* Dkt. 52. The Court provided a copy of the letter to the Government, which responded under seal on July 8, 2021 (with a copy sent to Mr. Parra by certified mail). The Court thanks the Government for its inquiry to the Bureau of Prisons and its report to the Court.

Although the Court appreciates the seriousness of the issues raised by Mr. Parra, "a letter to the sentencing court is not the proper vehicle for challenging a BOP decision with respect to the conditions of confinement." *United States v. Balis*, No. 03-CR-1028, 2007 WL 4116166, at *2 (S.D.N.Y. Nov. 16, 2007) (Lynch, J.). "[D]ecisions regarding the adoption and execution of internal policies, including the discipline, care, and security of prisoners, ordinarily lie 'within the province and professional expertise of corrections officials.'" *United States v. Needham*, 460 F. Supp. 3d 323, 326 (S.D.N.Y. 2020) (quoting *Bell v. Wolfish*, 441 U.S. 520, 547–48 (1979)). In addition, the BOP has "exclusive authority" to designate the facility where a federal inmate will serve his sentence or to transfer an inmate from one facility to another. *See United States v. Venkataram*, No. 06-CR-102 (JPO), 2016 WL 11448569, at *2 (S.D.N.Y. Dec. 12, 2016). The BOP may, of course, consider the "recommendations of the sentencing court," 18 U.S.C. §

3621(b) & (b)(4), but they are just that—recommendations. In this case, while the Court is not in a position to make an affirmative recommendation to the BOP as to how it should exercise its discretion, it also "has no reason to oppose" Mr. Parra's request for a transfer, if such transfer "is determined by the BOP to be otherwise appropriate for him." *Balis*, 2007 WL 4116166, at *3.

To the extent Mr. Parra wishes to continue to present his claims in federal court, including his request for an expungement of the incident reports and transfer to another facility, a proper vehicle after he exhausts available administrative remedies may be a petition pursuant to 28 U.S.C. § 2241. *See Balis*, 2007 WL 4116166, at *2; *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) ("A motion pursuant to § 2241 generally challenges the execution of a federal prisoner's sentence, including such matters as . . . *prison disciplinary actions*, *prison transfers*, type of detention and prison conditions.") (emphasis added); *see also Carmona v. United States Bureau of Prisons,* 243 F.3d 629, 632 (2d Cir. 2001) (federal inmate's petition to expunge disciplinary sanctions is properly brought under § 2241); *Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006) (challenge to place of imprisonment properly raised under § 2241).

"But to entertain a habeas petition under § 2241, a court must have jurisdiction over the petitioner's custodian." *Needham*, 2020 WL 2512105, at *2; *see also Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) ("[T]he proper respondent to a habeas petition is the person who has custody over the petitioner." (internal quotation marks, citation, and alteration omitted)). "Venue for a habeas petition under § 2241, therefore, generally lies in the district of confinement." *United States v. Zehner*, No. 19 CR. 485 (AT), 2020 WL 3057759, at *2 (S.D.N.Y. June 8, 2020) (quoting *Padilla*, 542 U.S. at 442). Assuming Mr. Parra continues to be incarcerated at the FCI Schuylkill, which is located in the Middle District of Pennsylvania, if he

2

chooses to pursue habeas relief, the proper venue in which to file the petition is the United States District Court for the Middle District of Pennsylvania.

The Clerk of Court is respectfully directed to mail a copy of this order to Mr. Parra at the following address:

>Jorge Parra # 68645-054
>F.C.I. Schuylkill
>P.O. Box 759
>Minersville, P.A. 17954

SO ORDERED.

Dated:  July 20, 2021
         New York, New York

Ronnie Abrams
United States District Judge

3